IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| VALERY ABBAH | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1542-R |
| | § | |
| ALBERTO GONZALES, Attorney | § | |
| General of the United States, ET AL. | § | |
| | § | |
| Respondents. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Valery Abbah, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be denied as premature.

I.

Petitioner, a native and citizen of Cameroon, illegally entered the United States in 2004. At his removal hearing before an immigration judge, petitioner argued that he would face persecution upon his removal to Cameroon. The judge rejected that argument and ordered petitioner removed. On May 23, 2007, the Board of Immigration Appeals ("BIA") affirmed the hearing decision. Petitioner is currently being held in a federal immigration detention facility pending execution of the removal order.[1]

In the instant case, petitioner contends that his continued detention in immigration custody violates section 241(a) of the Immigration and Nationality Act ("INA"), as interpreted by the

---

[1] Petitioner claims to have married an American citizen on June 6, 2007, approximately two weeks after the BIA affirmed the removal order. (*See* Quest. #5). Although petitioner has filed an application for an adjustment of status based on his marriage, that application remains pending and does not impact his removal.

Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), because Cameroon refuses to issue travel documents or allow him into the country. On September 17, 2007, the court sent a written questionnaire to petitioner in order to obtain additional information about the factual basis of his claims. Petitioner answered the questionnaire on September 24, 2007. The court now determines that this case should be dismissed.

II.

Section 241(a) of the INA provides, in pertinent part:

> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . .

8 U.S.C. § 1231(a)(1)(A). Here, the removal period commenced on May 23, 2007--the date the BIA issued a final order of removal. *See McAlpine v. Ridge*, No. 3-04-CV-1236-G, 2004 WL 2389448 at *5 (N.D. Tex. Oct. 25, 2004), *citing Akasike v. Fitzpatrick*, 26 F.3d 510, 511 (5th Cir. 1994) (holding that BIA decision constitutes a final removal order). Although this 90-day period expired on August 21, 2007, respondents may continue to detain petitioner for a period "reasonably necessary to bring about [his] removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. Detention for up to six months after expiration of the 90-day period is "presumptively reasonable." *Id.* at 2505. After that time:

> [O]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.*

As of today, petitioner has been in immigration custody for just five weeks after the expiration of the 90-day post-removal period. Consequently, his request for habeas relief is

premature. Petitioner may refile this action if he has not been removed and is still in custody after the six-month post-removal period expires. *See Okpoju v. Ridge*, No. 3-03-CV-1233-BD, 2003 WL 22474587 at *2 (N.D. Tex. Oct. 20, 2003) (Kaplan, J.), *aff'd*, 115 Fed.Appx. 302, 2004 WL 2943629 (5th Cir. Dec. 20, 2004). *But see Zadvydas*, 121 S.Ct. at 2505 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."); *Kendy v. Ashcroft*, No. 3-03-CV-0066-H, 2003 WL 21448380 at *2 (N.D. Tex. May 14, 2003) (same); *Fabuluje v. I.N.S.*, No. 3-01-CV-0753-X, 2001 WL 1597812 at *2 (N.D. Tex. Dec. 11, 2001) (same).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied as premature.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 25, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE